IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ALLIED WORLD SPECIALTY INSURANCE COMPANY f/k/a DARWIN NATIONAL ASSURANCE COMPANY, a Delaware Corporation,<br><br>PLAINTIFF<br><br>v.<br><br>MRL PLUMBING, LLC, a South Carolina Corporation; MICHAEL LOBDELL, an individual and PATRICIA LOBDELL, an individual,<br><br>DEFENDANTS | Case No. 0:16-3030-TLW<br><br><br><br>**ORDER** |

On September 6, 2016, Allied World Specialty Insurance Company, f/k/a Darwin National Assurance Company ("Allied"), filed this breach of contract action against MRL Plumbing, LLC ("MRL"), Michael Lobdell, and Patricia Lobdell (collectively "Defendants"). ECF No. 1. The matter now comes before this Court for review of the Report and Recommendation (R&R) filed by Magistrate Judge Hodges to whom this case was assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. ECF No. 50. In the R&R, the Magistrate Judge recommends denying Allied's motion for a preliminary injunction, ECF No. 11, and motion for partial summary judgment of specific performance, ECF No. 14. However, the Magistrate Judge recommends that the Court enter default against Defendants as requested by Allied in an earlier filing, ECF No. 39, in light of the circumstances explained in the R&R and set forth in the Rule to Show Cause, ECF No. 47. Allied filed objections to the R&R. ECF No. 52. No other objections were filed and the time to do so has now expired.

In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections .... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). This Court carefully reviewed the R&R and Allied's objections pursuant to the *Wallace* standard.

As to the entry of default, noting that Allied agrees that the entry of default is proper and noting Defendants filed no objections, the R&R is hereby ACCEPTED. Therefore, for the reasons set forth on pages 7–8 of the R&R as further explained in the Rule to Show Cause and Allied's brief in support of the entry of default, the Clerk is hereby directed to ENTER DEFAULT against Defendants pursuant to Federal Rule of Civil Procedure 55(a). Any further proceedings related to the entry of default, default judgment, or the amount of damages shall be referred to the Magistrate Judge to whom this case was previously assigned.

As to Allied's motion for partial summary judgment,[1] in light of the Court's ruling on the entry of default, this motion is hereby TERMINATED AS MOOT. As stated, any further proceedings related to this matter should be directed to the Magistrate Judge to whom this case will be reassigned.

---

[1] The Court does not take up Allied's motion for a preliminary injunction because it withdrew that motion in its objections to the R&R. ECF No. 52 at 5.

**IT IS SO ORDERED**.

*s/Terry L. Wooten*
Chief United States District Judge

August 3, 2017
Columbia, South Carolina