IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Allied World Specialty Insurance Company, f/k/a Darwin National Assurance Company, | ) ) ) ) | C/A No.: 0:16-3030-TLW-SVH |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| MRL Plumbing, LLC; Michael Lobdell; and Patricia Lobdell, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on the motion [ECF No. 60] of Plaintiff for a default judgment against defendant MRL Plumbing. The motion is accompanied by the affidavit of James A. Keating, Assistant Vice-President for Plaintiff. The docket reflects that default was entered against MRL Plumbing on August 3, 2017, as it had failed to obtain new counsel or otherwise defend in this case as directed to do so. [ECF Nos. 50, 53, 56]. The Honorable Terry L. Wooten, Chief United States District Judge, accepted the recommendation of the undersigned that a determination of damages be made upon Plaintiff's filing of a motion for default judgment. [ECF Nos. 50, 53].

Default having been entered against MRL Plumbing, it is deemed to have admitted the factual allegations of the amended complaint. All that remains is assessing the amount of damages against MRL Plumbing. By its motion, Plaintiff asks that judgment be entered against MRL Plumbing for $607,437.25.[1] MRL Plumbing has until January 11,

---

[1] Plaintiff also requests the court order MRL Plumbing to post collateral of $407,272.

2018, to file a response in opposition to Plaintiff's motion for default judgment. If MRL Plumbing fails to respond substantively and adequately, through an attorney admitted to practice before this court, the undersigned intends to recommend the court grant the motion and enter default judgment against MRL Plumbing in the amount requested in Plaintiff's motion.

    IT IS SO ORDERED.

December 12, 2017  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

# Federal Rule of Civil Procedure 55. Default; Default Judgment

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

>**(1)** *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
>**(2)** *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>>**(A)** conduct an accounting;
>>**(B)** determine the amount of damages;
>>**(C)** establish the truth of any allegation by evidence; or
>>**(D)** investigate any other matter.

**(c) Setting Aside a Default or a Default Judgment.** The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

**(d) Judgment Against the United States.** A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.